RUBY POSTON v. LATTIE SEWELL AND JAMES JUNIOR POSTON.

AND

THURMAN STROUD v. LATTIE SEWELL AND JAMES JUNIOR POSTON.

AND

VONNIE BELLE ANDERSON v. LATTIE SEWELL AND JAMES JUNIOR POSTON.

(Filed 2 May 1962.)

**Automobiles §§ 41f, 43—**

The evidence in this action by passengers tended to show that the driver, wishing to turn left into a driveway, stopped his car to permit oncoming traffic to pass, and that a car approaching from the rear crashed into the stopped vehicle. The evidence further tended to show that the driver approaching from the rear could have seen the stopped vehicle for some 300 feet. *Held:* The evidence discloses that the negligence of the driver striking the rear of the stopped car was the sole proximate cause of the accident, and under the circumstances, any failure of defendant driver to have given the proper signal before stopping could not have been a proximate cause of the collision.

APPEALS by plaintiffs from *Hall, J.,* January 1962 Civil Term of JOHNSTON.

The three plaintiffs, passengers in a 1952 Pontiac operated by defendant Poston, sustained personal injuries on November 7, 1959, about 8:00 p.m., when a 1950 Oldsmobile operated by defendant Sewell overtook and struck the rear of the Poston Pontiac. The collision occurred on U. S. Highway #301, about six-tenths of a mile north of the Town of Four Oaks, North Carolina.

Each plaintiff instituted a separate action to recover damages, alleging the collision and his (her) injuries were proximately caused by the joint and concurrent negligence of defendants Sewell and Poston. By consent, the three actions were consolidated for trial.

Evidence was offered by plaintiffs and by defendants. At the conclusion of all the evidence, plaintiffs submitted to judgments of voluntary nonsuit as to defendant Sewell; and the court, allowing the motions of defendant Poston therefor, entered a judgment of involuntary nonsuit as to defendant Poston in each of the three cases.

Each plaintiff excepted and appealed; and, on appeal, each plaintiff sets forth as his (her) only assignment of error the judgment of involuntary nonsuit in his (her) action.

*Wellons & Wellons and James R. Pool for plaintiffs, appellants.*
*Wood & Spence for defendant Poston, appellee.*

PER CURIAM. Uncontradicted evidence tends to show: U. S. Highway #301 runs north-south. The paved portion thereof is twenty-four feet wide, with a ten-foot shoulder on each side. A private driveway, west of and at right angles to the highway, leads to the home of defendant Poston. Both north and south of said driveway, there is a "slight upgrade" of the highway. Traveling north, a motorist crosses the crest of the highway about three hundred feet south of said driveway. Defendant Poston, who was going to his home, had been driving north "about 35 to 40 miles an hour." He slowed down "for a distance of 300 or 400 feet," then stopped in the northbound lane, with the wheels of his car turned left towards the entrance to said private driveway. "(A) second or two" after he had stopped in this position to allow southbound traffic to pass, the Sewell Oldsmobile struck the rear of the Poston Pontiac and knocked it into the southbound lane where it collided with a southbound (Sessoms) car.

The alleged facts on which plaintiffs base their allegations of negligence against defendant Poston are that he stopped his automobile on the main traveled portion of the highway without giving any signal or timely warning of his intention to stop and without ascertaining that he could do so in safety. (Two of the plaintiffs alleged defendant Poston brought his car to a sudden stop.) The complaints contain no allegations that defendant Poston was driving without proper lights.

Defendant Sewell, the operator of the 1950 Oldsmobile, and his wife, a front seat passenger therein, were called as witnesses by plaintiffs. Both testified they saw no signal or other lights on the Poston car. Sewell testified that he, driving north, crossed the crest of the highway at a speed of forty to forty-five miles per hour; that he was blinded by the lights of a southbound car; that he did not see the Poston car or put on brakes before striking it. Mrs. Sewell testified she saw the Poston car "(w)hen (they) came over the hill."

While evidence for defendant Poston may not be considered in passing on his motions for judgments of nonsuit, it seems appropriate to say that it tends to show the lights on his car, including the blinker light indicating a left turn, were burning; that, while he was stopped, one southbound car passed him; and that, just as another southbound (Sessoms) car was about to pass him, the Sewell car crashed into the

rear of his Pontiac. Plaintiff Ruby Poston testified the Pontiac was in good condition and "(i)f there was anything wrong with the lights on (their) car, (she) didn't know it."

The evidence, including the testimony of the plaintiffs, is in direct conflict with the allegation that defendant Poston *suddenly* stopped his Pontiac car. True, the testimony of the Sewells, when considered in the light most favorable to plaintiffs, was to the effect there was no signal light for a left turn or other lights burning on the Pontiac. Even so, Mrs. Sewell's testimony that she saw the Pontiac "(w)hen (they) came over the hill," suffices to show that Sewell, by the exercise of due care, could and should have seen it. In our view, Sewell's negligence in failing to observe the Pontiac and in failing to reduce his speed and stop before crashing into the Pontiac must be considered the sole proximate cause of the collision. Hence, the judgments of involuntary nonsuit are affirmed.

Affirmed.